IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **AUBREY RABON,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action No.** |
| v. : | **5:08-CV-182(HL)** |
| : | |
| **HANCOCK COUNTY SCHOOL** : | |
| **DISTRICT,** : | |
| : | |
| **Defendant.** : | |
| : | |

Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 9). For the following reasons, Defendant's Motion is denied.

On May 28, 2008, Plaintiff filed suit against the Hancock County Public School System, alleging that he was fired from his position as a special education teacher in violation of Title VII, 42 U.S.C. § § 1981 and 1983, and the Age Discrimination in Employment Act. Among other things, Plaintiff requested punitive damages, reinstatement to his former position, and an injunction prohibiting the School System from further discriminating against him.

On October 9, 2008, Defendant filed the Motion for Judgment on the Pleadings that is presently before the Court. In its Motion, Defendant contended that (1) Plaintiff was not entitled to punitive damages, (2) Plaintiff failed to state a claim under § 1983, (3) Plaintiff's § 1983 and § 1981 claims were barred by the applicable statute of limitations, (4) Plaintiff was not entitled to injunctive relief because he is

no longer employed by the School System, and (5) the Hancock County School System is not an entity capable of being sued.

Subsequently, Plaintiff filed an Amended Complaint (Doc. 19). Plaintiff's Amended Complaint renamed the Defendant as the Hancock County School District, and removed his claims under the ADEA, § 1983, and § 1981. Plaintiff also removed his request for punitive damages, although his request for an injunction remains. Plaintiff's sole remaining claim is for a violation of Title VII.

Based on the filing of Plaintiff's Amended Complaint, all of the grounds asserted in Defendant's Motion for Judgment on the Pleadings are moot, except for its contention that Plaintiff is not entitled to an injunction. Defendant argues that Plaintiff's request for an injunction preventing Defendant from further discriminating against him is moot because Plaintiff is no longer employed by Defendant. This Court notes, however, that Plaintiff is also seeking reinstatement to his previous position. In the event Plaintiff wins reinstatement, an injunction may be necessary to ensure that Defendant does not continue to engage in discriminatory conduct towards Plaintiff. See Henson v. City of Dundee, 682 F.2d 897, 905 (11th Cir. 1982) (stating that because the plaintiff was not seeking reinstatement, he could not seek an injunction to restrain the alleged unlawful employment practices of his previous employer); Cohen v. Gulfstream Aerospace Corp., Civ. A. No. 486-086, 1986 WL 9809, at *3 (S.D. Ga. 1986) ("The request for an injunction must stand, however, because such a remedy might be desirable if [the plaintiff] wins reinstatement.

Enjoining [the defendant] from continuing any discriminatory practices is one method by which this Court can ensure compliance with its judgment."). Accordingly, Defendant's Motion is denied.

**SO ORDERED**, this the 15th day of April, 2009.

                                                  *s/ Hugh Lawson*
                                                  **HUGH LAWSON, Judge**

dhc/al